May it please the Court that Mark Barr of Lictor Immigration for the petitioners. Let me start out with the questions because there are two things at play here. One is whether the EIA properly and ruled that your initial notice of appeal was inadequate and you have some pretty good arguments about why they're wrong. The second question is how long can you wait to challenge that and I don't know that you've really addressed that so much. You waited until you got the bag and baggage letter. That could have come a year later. Could you have raised this a year after you did and still get a hearing on it? Well, I would initially say either the motion was correct and timely or it wasn't. No, no, no, no, no. You have to challenge it. You have to challenge it at some point. Yes, absolutely. But I think the record here is clear that efforts were made immediately. What efforts were made immediately? Yes, let me address that. So when we first received the notice that the notice of appeal was being rejected, the message we got was very opaque and confusing. It said the notice of appeal itself either was not signed or the wrong person had signed it. We didn't know what was wrong with it. Well, you knew it hadn't been signed so obviously it couldn't be the wrong person signed it. Actually, no. We knew the notice of appeal itself had been signed. I signed it and we could see the signature in the record. The rejection notice didn't say a certificate of service on the notice of appeal wasn't signed. It simply said the notice of appeal wasn't signed or was the wrong person. Now, simultaneously, we noticed that our entries of appearance were being rejected. We didn't know why. But obviously if I wasn't accepted as counsel of record, then me signing any form, I would be the wrong person because I wasn't counsel of record. So we initially thought that was the problem. We immediately tried contacting the board to get more information. I know this isn't your area of law. Is that in the record? No, because these are phone calls. Right. You don't have anything in the record to show that you did anything until you got the bag and baggage letter. You're right. It doesn't show that we made multiple attempts to contact the board by telephone and either didn't have our calls returned or we were just told that you need to look at the instructions. We sent you notes about what was wrong. So you're telling us now something that we can't confirm with the record, is that right? Right. And I can't. It's not part of the record. These are just phone calls. They would be my statements and that can't be evidence. Well, the main thing we do know is you didn't file anything. You didn't attempt to do the certified appeal that they told you you could do within 15 days. Nothing happened there. You didn't file a motion like you later filed in, I don't remember, October to have them reissue the order so you could file a new appeal. You didn't file anything like that. In September we did that. You didn't file anything to suggest that your original notice was timely until December. Again, after the bag and baggage letter. You didn't file anything. Let me first address the issue of certification. That remedy was inadequate for several reasons. First of all, as it clearly stated on the face of that notice, it would not relieve me of the 30-day filing deadline. We got the rejection notice after it was already too late, so there was no guarantee that this would be accepted. Until, if the board took the case up on certification, which is a purely discretionary issue, my clients were walking around with administrative final order of removal. Now, if we were relatively certain that we get a quick decision on certification, sure, we would have tried it. But the board is notoriously backlogged. We couldn't guarantee that it wouldn't take months or years as appeals do. And if that was the case, and given that my clients were recent entrants, we expected, and as it came to pass, they would have check-ins with ICE. And if they were removed as people with administratively final orders of removal, that would constitute a withdrawal of their appeal. So we began searching for remedies that we thought would be more immediate. None of your strategic reasons for not seeking a certification of appeal are in the record. This is just you telling us. Yes. What could have been your reasons for not filing within the 15 days? So how is that relevant to anything, I guess? We chose a remedy, and this is included in the record. In September, we filed with the Immigration Court in expectation that we could get a quicker decision there. Also working with a local council who didn't oppose the motion, so we thought we had a good chance of getting that approved and things back on track. And again, the record is also clear that when we were filing those motions with the Immigration Court, we still didn't know what the reason was for the rejection. Our motions to the court were all based upon these rejections of our entries of appearance, which we thought the problem was. We didn't get a clarification from the board until December, which is when we said, oh, this didn't make sense to us. Did you petition for review to this court of the rejection of your notice of appeal? You didn't do that for months until this case. I don't think you could. Procedurally, I'm not sure you could do that. I thought the attorney for the board said in his brief that you could have. I could go directly to the Tenth Circuit on a... Well, your appeal is rejected. I would think that that's one way to challenge it. Yeah, I think that would be a novel procedurally. I'm not sure that that would work because there'd be... If a judge dismisses your complaint, district judge dismisses the complaint for failure to state a claim and then gives you time to, 15 days in this case, to modify your complaint and you think your original complaint was fine, you're not going to try to modify it, you can appeal to this court. I would think that it would be analogous to that situation. I can see some overlap, but I think some of the procedural rules in immigration would make that path less obvious to me. Well, what I'm having trouble with is seeing how the path you did take is appropriate. I think the path was appropriate because it took us a long time to get clarification from the board about what the problems were. But by your standard, there's no time limit on what you did. You haven't recognized any need for action. If you had gotten the bag and baggage letter a year later and brought this by the arguments you made, they'd be identical. And that just doesn't seem that you can sit around for a year. I agree, and I think there probably would be a limit. But whatever that limit is, I think we're well short of it, especially given the evidence in the record that we're trying to fix this. And again, in the motions made to the court, you can see from our arguments that we still didn't understand the reason the board was rejecting our notice. We thought it all had to do with the entry of appearance. So that's a strong indication that we still didn't get it. You signed the certificate of service on the entry of appearance. Do you know what was the problem they said with that? Right, so that was generated by the ECAS system. Those were electronic signatures. We fill out the form, and then it appears electronically, and oh, there's a signature. That's different than the notice of appeal, which apparently the board says we needed to... I'm sorry, I thought you said that your entry of appearance was rejected also. It was. On what ground? Did you ever find out? Well, I think ultimately the reason it was rejected was because the board had rejected the appeal. There was no case there, therefore there was nothing I could enter on. But they didn't say that. What they told me was your notice of appeal was either not signed or signed by the wrong person, and because it never occurred to us that we had to actually sign the certificate of service saying that we didn't provide service, especially when there was a box there that seemed to be the remedy. So could you have made this... What we eventually got here on, I think, is your motion to accept your original notice of appeal. That's what we're here on, right?  The denial of that or the rejection of that. Could you have waited another couple of years to file that? Let's say she hadn't got the baggage letter. Why not? You seem to be suggesting there is no timeline. No, I... There is no timeline. No, I'm not. What is the timeline? I don't know. I think equitable principles would apply there, and I don't know where the deadline is, but I would concede that eventually we can draw this out to absurdities like two years, ten years, whatever. At some point, you've lost the chance to do that. What I'm saying is whatever that hypothetical boundary is, given the evidence and the record that we were trying to do things, trying to figure out what the reason was, we're still going to be far short of that hypothetical domain. Do you have a finding by the BIA that even though you didn't challenge the... Even though this has nothing to do, basically, with the certification of the appeal because you never did try to certify it, they still made a finding, didn't they, that there was no exceptional circumstances or any equitable grounds for your failing to file within 15 days a certified appeal? And you haven't challenged that, right? Right, but they also relied on a legal conclusion that a signature is required. Well, I'm talking about the timeline. Yes. I think Judge Moritz is saying, isn't that the place where you should have sought help from the circuit? I mean, you had a ruling that didn't relieve you of the deficiencies that the BIA determined were in your notice of appeal. And so even if certification initially was optional, at that point you had essentially a final judgment from the agency, final agency action. Was that the point where you needed to file? Let me make sure that I understand what you're suggesting. You're suggesting when we got the rejection notice that simply said your notice of appeal wasn't signed or was signed by the wrong person. That would be a board decision that I could have filed a petition for review on. No, I'm not understanding this. We were already past that.  To the point where you get—I'm sorry, Judge Moritz, if I'm—  Where you get a decision that says there's no extraordinary circumstances that would relieve you of the prior decision that your notice of appeal was defective. So aren't we talking about—that's what we're here on, on the denial of my motion to accept the appeal as timely, which I did file a petition for review on. But you don't seem to be challenging that aspect. The board's final decision, as I see it, was two parts. One part was to talk about the fact that you failed to timely seek certification of the appeal within 15 days, and that even though you weren't really challenging it, there's no extraordinary circumstances that justified that failure. The other part was about your substantive legal claim. Right, and because the decision is infected with what I believe were the erroneous legal conclusions, the whole decision is defective because it was premised on the fact that I needed in the first place to be apologizing or seeking a pardon for having done something wrong, and I don't think I did. I think my office— I don't think they were saying that. They were saying there was no reason for you to have waited so long. I'm apparently the only one who's confused about the following point. You filed a motion to accept your original notice of appeal is correct? Yes. Okay. I don't see anywhere where the IA regulations allow that sort of motion, so when you say, well, I don't know how I could have filed a motion on it, you filed a motion that's not in there anyway. But you also filed the notice of appeal with the proper signature.  I did not see a formal response to your motion to accept your original notice of appeal as timely, as proper. And so I thought the only decision that the board thought was before it was an untimely notice of appeal, which they said we're not going to exercise our discretion to review because you haven't shown extraordinary circumstances for being untimely. Is there a formal decision on your motion to accept your original notice of appeal as proper? This is a unique procedural posture, so I've interpreted my motion as a request for the board to exercise its sua sponte authority to reconsider or reopen a decision which it has made, and I interpreted its ultimate denial of the motion and of the timeliness of the original notice of appeal as its decision not to exercise its discretionary sua sponte authority. And my point is that— Do we have jurisdiction to review their discretionary decision? To the extent that it relies upon incorrect legal issues, yes, you do, and I see that I'm out of time. Let me ask you a little more, because you seem to say that they— you said their rejection of your motion to accept the initial appeal as proper. Did they ever say that? The only thing they said was that the notice of appeal was either not signed or signed by the wrong person. But in response to that motion of yours, I don't think they said anything. I gather that the opinion we're reviewing is a denial of your notice of appeal because it's untimely, and this is the one that has the proper— Then perhaps I overread it and took that as a denial also of the original filing as untimely. Maybe the alternative is they don't recognize the motion to accept the initial appeal as timely, so they just didn't deal with it. You had no—you talked about you didn't do anything earlier because there's no procedure for doing it, but then what you ultimately did was something that there's no procedure for doing either. And we're scrambling for all sorts of solutions. Thank you. Thank you.  Maybe you can help us with this procedural issue because I've been confused from the start about that. I will try my best, Your Honor. Good morning, Your Honors. Samer Bader from the United States Department of Justice Office of Immigration and Litigation on behalf of a respondent. May it please the Court. Your Honor, I don't know if you want me to directly answer your specific question at this time or— Start as you wish. I'm not sure the best way to clarify my mind, but maybe, Judge, you have a question? Well, the letter that they got said that they could file a motion for certification. Correct, Your Honor. But I don't see anything in the rules anywhere that says that they're required to do that. Well, Your Honor, if I can just step back just a little bit. The letter they got was a rejection. It's a filing. It's a rejection filing. Excuse me. It's a notice of rejection of their filing. And the board clearly provided them 15 days to cure that defect. Of course, they couldn't tell what the defect was. Well, the rejection filing did say missing or improper signature. That's what it stated. So he had noticed that there was either a missing or improper signature, and he had 15 days to cure it. During these 15 days, he could have obviously reached out to the board and sought further clarification if he needed it. But he says he did. He says he did. I know he says he did, but as Your Honor just said, it's not in the record, and I have no indication that he did. If you look at the rules, they would have said, oh, go look at our guidance documents, which are clear as mud. And, you know, I think it's pretty rational, particularly where it says sign if appropriate, that there are some instances where it's not appropriate to sign the certificate of service because you didn't serve it. You checked a box that said it's all being done electronically. It seems like a catch-22 here. Respectfully, Your Honor, may I not surprise you, but I think the rules are, well, I think we can all agree all rules can always be clarified further. But they are clear. I think they are significantly clear. She's right. Let's assume they're clear as mud because that seems to be about right. And it doesn't make any sense to request a signature on a proof of service when you have been told no proof of service is required or even wanted because of the electronic filing. Let's just assume that we agree on the merits of this for a moment. And let's talk about what good it would have done for him to file a certification and still not knowing because of this lack of clarity what signature is required. So he lets the timeline go for whatever reason. What prohibited him, if anything, from doing what he eventually does, which is filing what he calls a sua sponte motion, a motion for you to exercise your sua sponte authority to recognize the original notice of appeal. That's what we're here on. Right. And I didn't see anything in the BIA's order that said, oh, you can't do that. You can't file this request that we sua sponte, take a look at this notice of appeal, and figure out whether it really was justified, his actions were justified. I didn't see the BIA saying anything like that. Yes, Your Honor. And that's what I would like to know is, was there anything improper about the motion that he filed? Was it untimely? It didn't seem to be, even though it was several months later. Right, Your Honor. You didn't, the BIA didn't say it was untimely? Your Honor, anybody can file a motion before the board. Okay. And meet, obviously, if they're representing. Or a sua sponte. They can request sua sponte. Or a returning of a prior decision. Yes, of course. A rejection of a notice of appeal. Yeah, the board always adjudicates motions that request, routinely adjudicates motions that request with their exercise of their sua sponte authority. Okay, so they had the authority. Yes, they did. To do what he was asking to do, and they provided. He was asking them to accept that his file was timely. Right. And they rejected it as untimely, and they found no exceptional circumstances to grant it. They rejected it for two reasons. One, because there was not, there was no certification. Correct. And two, because they say, legally, they upheld the. Yes, Your Honor. They accept that he needs to sign a certificate of service when he's not serving anything. Your Honor, I just want to push back on that point. Okay. The rules are clear. You do have to sign. The agency's position. They are not clear. I bet you two or three. Oh, right now we have three people. I understand, Your Honor. I understand, Your Honor. I understand. And, you know, I mean, what does it mean when it says, sign if appropriate? That assumes there are instances where it is not appropriate to sign the certificate of service. Now, a normal, intelligent person reading that when they've checked a box that says, I don't have to sign, I don't have to serve because I'm using your electronic system, it seems perfectly reasonable that that would be when signature is not appropriate because your signature certifies that you served it, and you didn't serve it. Your Honor, the, I'm just going to give you the rules. Why don't you assume that we disagree with you? Okay. And make your argument from there. Yes, Your Honor. If the assumption, if Your Honors are assuming that it is not clear that you must sign it, then absolutely the Board did deny it on those two separate grounds, that you must sign it, but Your Honors are clear to tell me it's, we're assuming it's not clear, then it's absolutely untimely in the alternative. Two questions. Yes, Your Honor. One, when you referred to the manual of the Board, when I looked at it, it looks like it was written before you could electronically file. The rules are periodically updated, Your Honor, and that was, that has been updated, and it does reflect the electronic filing. Was it updated at the time? The time that… I thought there was a link in your brief or something. Anyway, the rules I got didn't mention electronically filing. Anyway, okay. The last time the Board updated was 2021, about a year before this case arose. And you're saying that in those rules and guidelines it says you have to sign.  Yes, Your Honor, it does reflect that. Does it suggest what possible circumstances there could be? It actually explicitly says there are no circumstances. You must sign 3.3B. 3.3B, Your Honor, does state that signatures are required for any filing before the Board. Okay, but his signature is on the Notice of Appeal. It's just not on the Certificate of Service attached to the Notice of Appeal. Yes, but the rules clearly state that you must sign the Certificate of Service. Can we go back to your wording? I understand you disagree, that's confusing. Again, assuming, again, the legal basis that the BIA gave for not recognizing the original Notice of Appeal. Assuming that legal basis is incorrect and we don't accept that. Okay. You started to say, oh, well, then we're going to base our argument on the alternative basis, which was that it was not timely. But the alternative basis was not that this motion itself was not timely, and you've told me that it is timely. The sua sponte motion was timely. The alternative basis was that he did not file within 15 days a Certification of Appeal. But my understanding is that's not required, and he can any time file a motion to set aside the rejection of the Notice of Appeal. So why is that an alternative reason? Why does that even matter at all if the legal basis they give for not overturning that original decision is invalid? That's a really long question. No, it's fine, Your Honor. And I'm sorry, but that's what this case comes down to for me is it's not really an alternative reason. It's something entirely separate. Yes, Your Honor. I don't want my comments to be misinterpreted. Nothing petitioners to opposing counsel filed was timely. I want to make that clear. In the agency's view, nothing was timely. Nothing he filed was timely. That does not mean that anybody, what I said was just to be clear, they're free to file motions requesting the Board to exercise the sua sponte authority. It doesn't make the motion timely. It actually is untimely, and they're requesting the sua sponte authority to forgive the untimeliness and still grant their motion. Well, the BIA didn't say anything about the motion for sua sponte authority or to exercise their sua sponte authority. The BIA said nothing about that motion being untimely. They only talked about the failure to file a certification of the appeal. That's all they talked about. Your Honor, respectfully, the Board's— It's a two-paragraph decision. Yes, Your Honor. It's a rather concise decision. It is clear, but at least— Now, your briefing on this was way beyond that and talked about a lot of other things as far as timeliness. Yeah. But their decision was not. It only talked about that certification, and as long as they had the ability to consider setting aside that original rejection— If there were exceptional circumstances. That is the basis. That is the law under the Board of Regents. There were two bases. There were two bases. I'm focusing on the untimeliness, Your Honor, because we're already assuming that the requirement for submission, as Your Honors have stated, you guys— And I'm saying, why doesn't that resolve the matter? If we disagree that there was a legal basis for rejecting the notice of appeal— I'm not sure how he's able to overcome the untimeliness, Your Honor. I don't understand how— The untimeliness of the certification not certifying within 15 days? Because that's what they were talking about. The untimeliness of responding to the Board's rejection file. The Board rejected— Within 15 days. Correct, Your Honor. Yes. Where is there—is there a regulation? Is there a case? Is there something that says if you don't respond within 15 days and request a certification of the appeal by correcting—trying to correct the notice, that you can't seek sua sponte exercise of their authority later? There's nothing that says that, Your Honor. Right. There's nothing that says that. Right. And that's what they did. There's a 30-day filing deadline. He filed it one day before the 30 days. Twelve days later, it was rejected by the Board. And they gave him 15 days to curate or address any legal arguments he wanted to raise. And he failed to do so for two months. I think that's the untimeliness— I failed to see how the legal argument somehow is overtaken by this 15-day deadline that they didn't seek to certify the appeal in. The Board set the 15-day deadline clearly in the rejection. Right. And nothing says that if you don't comply with that 15-day deadline, you can't ever have that rejection overturned with using the Board's sua sponte authority. Yes, but the standard is exceptional circumstances. Right. If you have to establish exceptional circumstances to overcome the untimeliness. As far as the 15 days.  As far as the 15 days. Well, as far as any untimeliness. 15 days or any other untimeliness. When you say the untimeliness, you mean the untimeliness of the notice of appeal? Is that what you're saying? The untimeliness—well, the notice of appeal was rejected, Your Honor. Correct? So, he had 15 days to cure the defect. That is what was untimely. His response to the rejection notice. Okay. And what Judge Moritz has just established is that while he might have been out of time to file for certification, there is this other procedure where you can file for asking the Board to exercise its sua sponte discretionary authority, in this case, to correct a legal error. Because there was nothing wrong with the original notice of appeal, is his argument. That is his argument, Your Honor. Right. And the Board has rejected that argument. Where did it— It's on legal grounds. Yes, Your Honor. Yes. Yes, on legal grounds that he failed to establish exceptional circumstances because he didn't take any action for two months. Two grounds. Right. Well, obviously, the Board is not going to concede that no signature is required. It is clearly— But I'm just saying if you concede that, if that's where we go, doesn't it resolve the litigation? No, it does not, Your Honor. Right. Right. I don't think it does because you cannot overcome the untimeliness. The fact of the matter is he sat on it for two months, as Your Honor pointed out, until DHS tried to effectuate their move order. There was absolutely no communication made, as far as we know in the record and as far as I know. There's no communication he made with the Board whatsoever. He let it sit. He got a rejection notice, and he let it sit for two months. Why did the Board go on then? Why did they consider, once they decided it was untimely, which was in paragraph one— Yeah. Then, without saying any reason why, they went on to the legal grounds and rejected the legal grounds. Right. Because they believe that a signature is required. Yes, Your Honor. I'm just explaining to you why the Board did that. Yeah. They addressed both the untimeliness and the requirement for the signature. Go ahead. The decision—I think it's the only decision we have before us for review— Yes, Your Honor. —is the August 25, 2023 decision by BIA Judge Goodwin. Yes, Your Honor. And he's reviewing the Notice of Appeal that had been filed a few weeks later. A few weeks—well, it was late, but it wasn't the original Notice of Appeal that was rejected. Later, they filed a Notice of Appeal that had a proper Certificate of Service on it, and he's considering that Notice of Appeal. And that's all I can see that's being considered here. And let me continue. You'll have time to respond. First says, that appeal is untimely. There are no extraordinary circumstances present that would justify this coming several months after the immigration judge ruled. That's the first thing he says. Then there's the second sentence, the second paragraph that Judge Moritz was talking about, which then tries to justify the original rejection. Are those alternative grounds, or is that the sole ground? I mean, what's the relationship between those two things? If the statement that it was untimely and there are no extraordinary circumstances, that could stand on its own, and I think that would be a justification for rejecting. Yes. But then it goes on. And if the BIA is providing a second ground, then it's unnecessary. It's an alternative ground. But if it's explaining why it doesn't think there are extraordinary circumstances, then that's close enough to a legal error that we should reverse and remain to the BIA to reconsider. Then the BIA presumably could reject it solely on the first ground of untimeliness, but I can't tell what they did here. There's no mention in this order of the motion to accept the original appeal as proper. There's nothing in this order by Judge Goodwin. So I don't understand what the second paragraph, the last paragraph is about. I think, so Your Honor, I just wanted to put it. There are two alternative grounds for the denial. That is the agency's position, the two alternative grounds. One is obviously, as I've stated, the lack of signature, and the second is the untimeliness. But just to answer your question, Your Honor, the untimeliness refers, when we talk about untimeliness, it is in fact the untimeliness to cure the defect, and that was about four months after he received the initial rejection. And that's what the second paragraph, well, the second paragraph of the decision by Judge Goodwin is that ground. Yes, Your Honor, yes, yes. The second paragraph of that decision was that ground. And if he had stopped there, I don't think we'd have a problem. But he goes on for another paragraph, which makes you wonder, was that part of the reason he found no extraordinary circumstances? Is this an alternative ground for rejecting this later notice of appeal? What's going on? Just to clarify, you're referring to the paragraph where he talks about how the agency is unpersuasive, and he goes through the details. The second paragraph begins, the respondent's appeal is untimely, no extraordinary circumstances. The third paragraph is the respondent's argued that their notice of appeal was filed timely but was rejected in error, was rejected on August 1 in error. And then the judge goes on and explains that. Is that surplusage? Do we not need to address that to uphold the decision of the BIA? Or is that part and parcel of the determination that there were no extraordinary circumstances? Am I making any sense? You are making sense, Your Honor. Could I have one second to look at the board's decision?  We're on the same page, Your Honor. Literally. Yeah. What I have is from record, page 86. Yes, Your Honor, that's exactly what I have here. Okay. So you're referring to the... The second paragraph says the respondent's appeal is untimely.  Yes, Your Honor. That would seem to be sufficient to resolve the matter. Right. Then there's the next paragraph. The respondent's argued that their notice of appeal was timely filed but was rejected in error. It was rejected on August 1, 2020, in error. Yes, Your Honor. Now, what's the purpose of that last? Is that an alternative ground? Is that explaining why it's not extraordinary circumstance? What's going on? This third paragraph, Your Honor, that you're referencing is simply the board acknowledging, recognizing the petitioner's argument regarding why it should still nonetheless be accepted and why, in their view, it's timely. They're recognizing their argument. But, of course, they continue on to the fourth paragraph to say why... To address the merits of the argument. To address their signature requirement. And not to say what you're suggesting, which is there wasn't any reason to address the merits of the argument because there was no way to overturn it because it was untimely. I'm saying both, Your Honor. I think the board is saying both. It's untimely. And even if there was, it didn't. Well, they say the respondent's argued that their notice of appeal was filed timely but was rejected in error. That's the second part. That's their argument, right? In error. And instead of saying it doesn't really matter, they go on to say we disagree that it was rejected in error. Now, one would assume that if we disagree with that and say it was rejected in error, then we would need to reverse the board here. I'm not quite sure why it would still not be untimely, Your Honor. I'm not sure. You're saying that the second paragraph is still in itself... Yes, in and of itself. Yes. So you think belt and suspenders? Your Honor, I'm saying that the board clearly in writing provided 15 days to cure the defect and they took no action for two months. That's what I'm saying. Because they don't actually have authority to sua sponte overturn the decision to reject the notice of appeal, which I thought earlier you said they did have that authority. If Petitioners established exceptional circumstances. Yes, Your Honor. But their board addressed this... For failing to file a certification of appeal, which is a different thing. For failing to... Yeah, 15 days to certify the appeal and correct deficiencies. And they failed to do so, right? But in this case, we're talking about a legal error in the decision rejecting the appeal and the basis for that decision. It's two different things. Whether they corrected it and just went right along with it, or whether they said, no, we're not going to correct it because we did the right thing and this was legal error. And please consider that within your discretionary authority. And the board didn't say, well, we can't consider that. If you miss this timeline, sorry, you're out. I understand your argument, Your Honor. And it makes sense if, in fact, you disagree with the board that the signature is not required. But if you put on the shoes of the board or the shoes of this attorney representing the government, the requirement is there. So, therefore, they addressed both the board's decision, however concise it is, addressing the untimeliness as well as the requirement to sign. Thank you. Thank you, Your Honor. I'm going to give Petitioner two minutes. If you want to say anything, you may not want to say anything. Okay. Good. Thank you, counsel. Case submitted. Counselor excused.